FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2019 OCT 21  PM 6:25

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 19-CV-1490 |
| HOTSPOT TAN, INC. | ) |
| and | ) |
| PAUL HUGHES, JR. | ) |
| Defendants. | ) |

## JUDGMENT AND ORDER OF PERMANENT INJUNCTION

Plaintiff, the United States of America, filed suit to obtain a permanent injunction requiring defendants Hostpot Tan, Inc. ("Hotspot Tan") and the company's owner, Paul Hughes Jr., to comply with their legal obligations to withhold, collect, and pay over to the Internal Revenue Service the federal employment and unemployment taxes of Hotspot Tan, and to make all federal tax deposits, including the employer's share of Federal Insurance Contributions Act taxes, according to law.

Defendants, without admitting or denying the allegations in the complaint (except as to jurisdiction), waive the entry of findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, and stipulate and consent to the entry of the following judgment and injunction under Federal Rule of Civil Procedure 65 and 26 U.S.C. § 7402(a). Defendants further waive any right to appeal from the entry of this Judgment and Order of Permanent Injunction.

The parties agree that the entry of this permanent injunction does not preclude the Internal Revenue Service ("IRS") in any way from assessing or collecting taxes, penalties, and interest against the Defendants, and also does not preclude Defendants from contesting their liability for such taxes, penalties, and interest.

The parties further agree that the entry of the injunction is appropriate for the enforcement of the internal revenue laws.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction over this action and each of the Defendants pursuant to 26 U.S.C. §7402(a), as well as 28 U.S.C. §§ 1340 and 1345.

2. A PERMANENT INJUNCTION IS HEREBY ENTERED against Defendants from the date of this Order, and it is hereby ORDERED, ADJUDGED, AND DECREED that:

   a. Hotspot Tan shall timely file its Employer's Quarterly Federal Tax Returns (IRS Form 941) and annual Employer's Federal Unemployment (FUTA) Tax Returns (IRS Form 940);

   b. Hotspot Tan and Paul Hughes, Jr. shall timely make the federal tax deposits of (1) Form 941 withholding taxes (that is, income and FICA taxes withheld from the employees' wages as well as the employer's share of FICA taxes) and (2) Form 940 FUTA taxes, in an appropriate federal depository bank in accordance with the federal deposit regulations;

   c. Hotspot Tan shall file all of its unfiled delinquent Form 941 and Form 940 tax returns with the IRS within 90 days of the entry of this Order and pay any balances due on those returns within 90 days of the entry of this Order;

17917533.1

d. Hotspot Tan and Paul Hughes, Jr. are prohibited from assigning any property, paying other creditors or transferring funds until the required federal tax deposits have been fully made for taxes that become due for any tax period following the entry of this Order;

e. Paul Hughes, Jr. or another authorized representative of Hotspot Tan shall sign and deliver affidavits to the IRS, no later than the 20th day of each month, stating that the requisite deposits of federal taxes as described in paragraph B have been made in a timely manner. These affidavits are to be delivered to the attention of Victoria Wright, Revenue Officer, 190 Adm. Cochrane Dr., Suite 170, Annapolis, MD 21401, or to such other addressee and location designated by the IRS;

f. Paul Hughes Jr. shall promptly notify the IRS if either he or Hotspot Tan has any responsibility, discretion or control concerning another company's withholding or payment of federal employment taxes. This obligation includes, though is not limited to, an affirmative duty upon Paul Hughes Jr. to notify the IRS or a designated revenue officer of (1) any new business, whether or not involving tanning services, that he has acquired, managed, created, or worked for subsequent to Hotspot Tan and (2) any new business, whether or not involving tanning services, that he acquires, manages, creates, or works in the next five (5) years.

g. The United States shall be permitted to propound post-judgment discovery to ensure that Hotspot Tan and Paul Hughes, Jr. are in compliance with this Order. Violations of the terms of this Order may lead the Court to find Hotspot Tan and

Paul Hughes, Jr. to be in civil contempt of court, and the United States may seek any remedies accorded by law for civil contempt.

3. This Court shall retain jurisdiction over this case for the purposes of monitoring and enforcing the Defendants' compliance with the Judgment and Order of Permanent Injunction.

4. The parties shall bear their own attorneys' fees and costs associated with this action.

5. The United States may provide notice of the entry of this injunction to the defendants, Hotspot Tan and Paul Hughes, Jr., under Fed. R. Civ. P. 65, by mailing a true and correct copy thereof to each of them by certified or registered mail.

6. The Clerk is directed to close this case. *ELH*

SO ORDERED.

DATE: *Oct. 21*, 2019 _____
UNITED STATES DISTRICT JUDGE

17917533.1

We have seen and agreed to the terms listed in the four pages above:

*signature*

NISHANT KUMAR
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-514-2986 (v)
202-514-6866 (f)
Nishant.Kumar@usdoj.gov

*Attorney for Plaintiff*

*signature*

PAUL W. HUGHES, JR.
14225 Day Farm Road
Glenelg, Maryland 21737
963-3237
pwhughes1187@hotmail.com

17917533.1